# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA PIERRE,

      Plaintiff,

    v.                                Case No.:  6:25-cv-00284-JSS-LHP

ASTON HEALTHCARE, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY; AND  COASTAL
CENTER OPERATIONS, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY;

      Defendants,

_____

## ORDER

Before the Court is Defendants' Joint Motion to Stay Discovery and Remaining Litigation Deadlines Pending Resolution of Pre-Answer Dispositive Motion Practice.  Doc. No. 36.  Plaintiff opposes.  Doc. No. 37.  The motion has been referred to the undersigned, and for the reasons discussed below, the motion will be denied.

On February 20, 2025, Plaintiff filed a six-count complaint against Defendants, his former employers, alleging claims of race and sexual orientation discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Florida

Statute § 760.10, *et seq.* ("FCRA").  Doc. No. 1.  Defendants moved to dismiss (Doc. No. 11), and on December 10, 2025, the Court granted in part and denied in part the motion, and provided Plaintiff leave to file an amended complaint.  Doc. No. 25; *see also* Doc. No. 24.  On January 4, 2026, Plaintiff filed his first amended complaint, which again alleges six claims of race and sexual orientation discrimination and retaliation in violation of Title VII and the FCRA.  Doc. No. 26.  On January 20, 2026, Defendants again moved to dismiss, and Plaintiff filed his response in opposition on February 16, 2026.  Doc. Nos. 28, 34.  In the motion, Defendants argue that Plaintiff has again failed to sufficiently allege plausible claims for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 28.  Defendants do not argue that there is any legal basis that precludes any of Plaintiff's claims from going forward (such as a statute of limitations or standing issue), rather Defendants' arguments are limited to attacks on the sufficiency of Plaintiff's pleading.  *Id.*  The motion to dismiss has been referred to the undersigned and remains pending as of the date of this Order.  *See* Doc. No. 35.

In the meantime, on October 9, 2025, the Court issued a Case Management and Scheduling Order ("CMSO"), which provides, among other things, a discovery deadline of June 1, 2026.  Doc. No. 20.  As relevant here, the CMSO states that "the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery."  *Id.* at 1.  By the

2

present motion, Defendants seeks to stay all discovery pending resolution of their motion to dismiss, arguing that a ruling on their motion "may eliminate the need for discovery in this action, either in whole or in part." Doc. No. 36. In his opposition, Plaintiff argues that a stay is not authorized under the CMSO, that Defendants' motion to dismiss is unlikely to succeed either in whole or in part, and that Plaintiff will be prejudiced if a stay is entered. Doc. No. 37.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District. *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). *See also* Doc. No. 20, at 1. Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and

3

problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.; see also* Middle District Discovery (2021) § (I)(E)(4). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (internal quotation marks and citation omitted).

Upon consideration, Defendants have not shown good cause for a stay of discovery. As an initial matter, Defendants do not argue any "unusual circumstances" or specific undue burden or prejudice absent a stay. Doc. No. 36; *see* Middle District Discovery (2021) § (I)(E)(4); *see also Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) ("[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." (internal quotation marks and citation omitted)). Instead, the motion rests entirely on the filing of the motion to dismiss, which Defendants deem case dispositive. Doc. No. 36. But the mere fact that there is a

4

pending motion to dismiss does not, in and of itself, militate in favor of staying discovery. *See also* Middle District Discovery (2021) § (I)(E)(4).   And while Defendants generally reference "significant litigation burdens and expenses," (Doc. No. 36, at 3, 6-7), "[g]enerally referencing that discovery is time-consuming and expensive is insufficient."  *Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at *2 (M.D. Fla. Jan. 2, 2024).

Moreover, taking a "preliminary peek" at Defendants' motion to dismiss, and without expressing any opinion as to its resolution, the undersigned is not convinced that Defendants' motion is so clearly meritorious such that a stay of discovery is warranted.  Indeed, this is not a situation where the allegations of the complaint are "especially dubious."  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).  Defendants' arguments in their motion to dismiss are that Plaintiff has not sufficiently alleged facts to establish plausible clams for discrimination and retaliation.  Doc. No. 28.  But this is an argument that goes to the sufficiency of the pleading, which arguably could be resolved via amendment, which Plaintiff requests in its response.  *See* Doc. No. 34, at 20.  And contrary to Defendants' assertions, the present motion to dismiss is only the second time that the sufficiency of Plaintiff's allegations has been tested, it is clear that Plaintiff has at least attempted to rectify the previously identified discrepancies, and there is no guarantee that the Court will not provide Plaintiff one more opportunity to amend

5

(to the extent one is required). *See, e.g.*, *Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-1675-CEH-TGW, 2023 WL 4235459, at *2 (M.D. Fla. June 28, 2023) (denying motion to stay discovery because "to the extent that some of Defendants' arguments in support of dismissal allege that Plaintiffs' allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend. The action is not likely to end upon resolution of the motion to dismiss."); *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at *1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims").

In sum, the undersigned finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the motion to stay discovery (Doc. No. 36) is **DENIED**. *See Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 WL 4763127, at *2 (S.D. Fla. June 26, 2023) (denying the defendant's motion to stay pending resolution of its motion to dismiss because "dismissal [wa]s not a foregone conclusion").

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties